UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EDINEI MACHADO, SANDRA VAZ LISBOA, )
NAPOLEAO PEREIRA, WANOR DE )
CARVALHO, MARCOS MARTINS, )
JOSE LUIZ DA COSTA, JOAO PADILHA, )
CARLOS FURTADO, RACHEL SANTOS, )
ADELSON SODRE, LUCIANA )
CANESTRARO, and all others )
similarly situated, )
)
                          Plaintiffs, )
)
        v. )
)
COVERALL NORTH AMERICA, INC., )
)
                          Defendant )
)

05 CA 1188 RGS

JURY DEMANDED

Civil Action No.

RECEIPT # 6696
AMOUNT $ 250.00
SUMMONS ISSUED 1
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. MP
DATE 9/16/05

MAGISTRATE JUDGE RBC

**COMPLAINT**

## I.   INTRODUCTION

1.   This is a class action brought on behalf of current and former cleaning workers who have performed cleaning services for Defendant Coverall North America, Inc. ("Coverall"). The above-named plaintiffs and other similarly situated individuals have been subjected to a number of systemic violations of law in their relations with Coverall as described below. These violations include misclassification of the workers as independent contractors and the resulting denial of various benefits to which they are entitled as employees, including guaranteed minimum wage, overtime pay, and other protections afforded by the Massachusetts wage laws; systemic misrepresentations and breach of contract; and unfair and deceptive business practices. In this action, the above-named

plaintiffs seek to recover, on their own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

## II. PARTIES

2. Plaintiff Edinei Machado is an adult resident of Malden, Massachusetts, who has performed cleaning services for Coverall since July 2003.

3. Plaintiff Sandra Vaz Lisboa is an adult resident of Medford, Massachusetts, who has performed cleaning services for Coverall since July 2002.

4. Plaintiff Napoleao Pereira is an adult resident of Everett, Massachusetts, who performed cleaning services for Coverall from approximately April 2004 to June 2004.

5. Plaintiff Wanor de Carvalho is an adult resident of Lowell, Massachusetts, who has performed cleaning services for Coverall since March 2004.

6. Plaintiff Marcos Martins is an adult resident of Lowell, Massachusetts, who has performed cleaning services for Coverall since July 2003.

7. Plaintiff Jose Luiz da Costa is an adult resident of Brighton, Massachusetts, who performed cleaning services for Coverall from approximately 1999 to 2004.

8. Plaintiff Joao Padilha is an adult resident of Lowell, Massachusetts, who performed cleaning services for Coverall from approximately May 2003 to August 2003.

9. Plaintiff Carlos Furtado is an adult resident of Lowell, Massachusetts, who performed cleaning services for Coverall from approximately December 2003 to August 2004.

10. Plaintiff Rachel Santos is an adult resident of Malden, Massachusetts, who has performed cleaning services for Coverall since July 2003.

11. Plaintiff Adelson Sodre is an adult resident of Malden, Massachusetts, who has performed cleaning services for Coverall since December 2003.

12. Plaintiff Luciana Canestraro is an adult resident of Medford, Massachusetts, who performed cleaning services for Coverall from approximately July 2002 to August 2005.

13. This is a class action that the above-named plaintiffs bring on their own behalf and on behalf of all others similarly situated, namely all other individuals who have performed cleaning services for Coverall in Massachusetts and have been subjected to the legal violations described in this complaint. The class meets all of the requirements of Rule 23 of the Federal and Massachusetts Rules of Civil Procedure.

14. Defendant Coverall North America, Inc. is a Delaware corporation with its principal place of business in Boca Raton, Florida.

### III. JURISDICTION AND VENUE

15. Jurisdiction in this matter is based upon diversity of citizenship, as Coverall is a resident of the states of Delaware and/or Florida; Plaintiffs are residents of Massachusetts; and the amount in controversy is in excess of the statutory minimum. Therefore, jurisdiction is based upon 28 U.S.C. § 1332.

16. Venue is proper in this Court because Coverall has violated the laws of the state of Massachusetts within Massachusetts, have obligated themselves to the Plaintiffs within Massachusetts, and have specifically chosen to maintain a corporate presence within, and substantial contacts with, the state of Massachusetts.

### IV. STATEMENT OF FACTS

17. Defendant Coverall North America, Inc., employs hundreds of cleaning workers in Massachusetts to perform cleaning work for customers who negotiate cleaning services accounts with Coverall. These workers have included the above-named plaintiffs.

18. Coverall purports to classify these workers as independent contractors. However, these workers are in fact employees, as they do not meet the definition of independent contractors as set forth in Mass. Gen. L. c. 149 § 148B.

19. These workers are not truly entrepreneurs who have the opportunity to grow a business, as Coverall advertises, but are, instead, employees who have little discretion in what work they perform and how they perform it.

20. The behavioral and financial control manifested over these workers by Coverall demonstrates that the workers are employees rather than independent contractors. Coverall instructs the cleaning workers in how to do their work and dictates their performance of the details of their jobs.

21. In addition, the cleaning workers perform services within Coverall's usual course of business. The work of these cleaning workers is completely integrated into Coverall's business such that Coverall's business depends significantly on the performance of the services that the cleaning workers perform.

22. The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, the cleaning workers typically perform cleaning services exclusively for Coverall's clients, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business apart from their payment of "franchise" fees to Coverall.

23. The Massachusetts Division of Unemployment Assistance has ruled that a Coverall cleaning worker is an employee of Coverall and thus eligible for unemployment upon the loss of her job.

24. Because of their misclassification by Coverall as independent contractors, these workers do not receive the benefits that inure from the employment relationship under law.

25. For example, these cleaning workers frequently do not receive the Massachusetts minimum wage of $6.75 per hour for the work they perform.

5

26. Although many of them work more than 40 hours per week (some more than 60 or 70 hours per week), they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

27. Numerous deductions are made from their pay, which constitute improper deductions from wages. For example, Coverall deducts payments towards "franchise fees," interest payments, payments for Coverall to manage the workers' cleaning accounts, and other payments. It also withholds workers' pay when it contends that a Coverall client has not paid its bill.

28. These cleaning workers do not receive pay for their time spent traveling between different accounts during the work day.

29. Coverall denies that these workers are eligible for unemployment payments when they lose their jobs, or when they are constructively discharged by having their cleaning accounts taken away and not replaced.

30. These cleaning workers are not covered by workers' compensation when they are injured on the job.

31. Coverall requires its cleaning workers to sign a "franchise agreement" in order to obtain work and charges them substantial fees (in the range of $6,000 to more than $30,000) to purchase the purported "franchises."

32. This franchise agreement is a form contract establishing the terms and conditions of employment of Coverall cleaning workers.

33. None of the Coverall cleaning workers were able to negotiate for different terms and conditions from those appearing in the form franchise agreement provided by Coverall.

34. The franchise agreement is written exclusively in English and is not available in other languages.

35. The majority of the workers who sign these agreements have little to no fluency in English.

36. Consequently, the majority of them do not understand the terms of the agreement dictated by Coverall in its form franchise agreement, or as represented to them orally by Coverall's managerial employees.

37. Upon information and belief, Coverall targets individuals with limited fluency in English because they are easily victimized by Coverall's misrepresentations and other systemic legal violations, as described herein.

38. According to these written agreements and representations made by Coverall's managers when the cleaning workers sign the agreements, the workers are guaranteed to receive from Coverall a certain level of monthly income beginning after they have made down payments to purchase their "franchise" and completed their training period.

39. However, Coverall systemically breaches these agreements by not providing or offering to them sufficient cleaning accounts to produce the guaranteed level of income.

40. Coverall negligently and/or intentionally misrepresents to the workers the number of hours per week that will be required to service the accounts they are offered. These misrepresentations are used to induce the workers to accept the accounts toward their guaranteed level of income. The

accounts typically require substantially more hours of work than Coverall represents to the workers.

41. In addition, Coverall promises the workers that they will receive cleaning accounts that are geographically convenient to one another and convenient to their homes. However, the accounts they are offered are frequently spread very far apart, making it very inconvenient, if not impossible, for the workers to accept or perform the work for these accounts.

42. When workers refuse to perform the work on these accounts that have been negligently and/or intentionally misrepresented, they are effectively terminated.

43. Coverall frequently contends that it has fulfilled its obligations under the franchise contract by offering accounts to the workers, although it knows that accounts it has offered could not be accepted by the workers due to geographic inconvenience, sheer impossibility of performing the number of hours of work required to service the accounts, or rates of pay well below what was promised to the workers or below minimum wage.

44. Coverall also frequently violates the written franchise agreement by taking accounts away from the workers without warning and for no justifiable reason. Also in violation of the agreement, it gives the workers in these instances no opportunity to correct or challenge alleged deficiencies in their performance.

45. When Coverall does not satisfy the terms of the franchise agreement by not offering sufficient accounts (that are free from

misrepresentations) or by taking away accounts without justification or warning, it does not refund to the workers the franchise fees they have already paid. Indeed, it requires the workers to continue making payments on their franchise fees, even when they have no further work from Coverall.

46. Coverall negligently and/or intentionally misrepresents to its workers that it has sufficient business to satisfy the terms of the franchise agreements, when in fact it does not have enough accounts to offer to workers who have signed franchise agreements.

47. Coverall significantly underbids cleaning contracts with its clients. As a result of this underbidding and the deduction of excessive fees from their pay, Coverall's cleaning workers receive far less pay for their work than the fair value of their services.

## COUNT I

### (Violation of Massachusetts Independent Contractor Law)

By misclassifying plaintiffs and class members as independent contractors instead of employees, Coverall has violated Mass. Gen. Laws c. 149 § 148B. This claim is asserted pursuant to Mass. Gen. Laws c. 149 § 150.

## COUNT II

### (Minimum Wage Violations)

Coverall's knowing and willful failure to pay the plaintiffs and class members the Massachusetts minimum wage violates Mass. Gen. L. c. 151 § 1.

## COUNT III

### (Overtime Violations)

Coverall's knowing and willful failure to pay the plaintiffs and class members the Massachusetts one and one half their regular rate for hours in excess of forty per week violates Mass. Gen. L. c. 151 § 1A. This claim is asserted pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT IV

### (Wage Law Violations)

Coverall's knowing and willful failure to pay the plaintiffs and class members all wages due to them, including its improper deductions from their pay, violates Mass. Gen. Laws c. 149 § 148. This claim is asserted pursuant to Mass. Gen. Laws c. 149 § 150.

## COUNT V

### (Unfair and Deceptive Business Practices)

Coverall's conduct in inducing the plaintiffs and class members to purchase purported cleaning "franchises" and its conduct with respect to the plaintiffs and class members in the course of, and following, their performing cleaning services as described above constitutes unfair and deceptive practices in violation of Massachusetts Gen. L. c. 93A.

## COUNT VI

### (Breach of Contract)

Coverall has breached its written contracts with the plaintiffs and class members, as described above, in violation of the common law of Massachusetts.

10

## COUNT VII

### (Misrepresentation)

Coverall has committed intentional and/or negligent misrepresentation in its representations to the plaintiffs and class members, as described above, in violation of the common law of Massachusetts.

## COUNT VIII

### (Quantum Meruit)

Plaintiffs and class members have been deprived by Coverall of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of Massachusetts.

## COUNT IX

### (Unjust Enrichment)

Through the conduct described above, Coverall has been unjustly enriched under the common law of Massachusetts.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action;
2. A declaratory judgment that the plaintiffs and other similarly situated persons are employees, not independent contractors;

3.  Restitution for all wages and overtime that are owed to the plaintiffs and class members

4.  Statutory trebling of all wages and overtime that are owed to the plaintiffs and class members

5.  Restitution for all benefits due to the plaintiffs and class members to which they are entitled as employees of Coverall

6.  All damages to which Plaintiffs and class members may be entitled under the above-referenced statutes and common law

7.  Statutory trebling of damages attributable to Coverall's unfair and deceptive practices

8.  Any other relief to which the plaintiffs and class members may be entitled.

Respectfully submitted,

EDINEI MACHADO, SANDRA VAZ LISBOA, NAPOLEAO PEREIRA, WANOR DE CARVALHO, MARCOS MARTINS, JOSE LUIZ DA COSTA, JOAO PADILHA, CARLOS FURTADO, RACHEL SANTOS, ADELSON SODRE, LUCIANA CANESTRARO, and all others similarly situated,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
  & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated:   September 16, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Edinei Machado v. Coverall North America, Inc.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

**05 CA 11884 RGS**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                              YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                              YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                              YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO 28 USC §2284?

                                                              YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                              (YES)      NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)         CENTRAL DIVISION          WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION           CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  <u>Shannon Liss-Riordan</u>
ADDRESS  <u>18 Tremont Street, Boston, MA 02108</u>
TELEPHONE NO. <u>(617) 367-7200</u>

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other p as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, i ired for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Edinei Machado, et al.

**DEFENDANTS**
Coverall North America, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05 CA 11884 S

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shannon Liss-Riordan
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont St., Boston, MA 02108
(617) 367-7200

Attorneys (If Known)
Michael Vhay
Piper Rudnick
One International Place, Boston, MA 02110
(617) 406-6033

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in Box for Plaintiff and One for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Info Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** _____
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 9/16/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Shannon Liss-Riordan

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____