IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDINEI MACHADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COVERALL NORTH AMERICA, INC., <br><br> Defendant. | Case No. 05-11884 |

### COVERALL NORTH AMERICA, INC.'S LIMITED ANSWER TO SECOND AMENDED COMPLAINT

Pursuant to the order of the Court dated January 31, 2006, defendant Coverall North America, Inc. ("Coverall") answers the Second Amended Complaint of plaintiffs Edinei Machado and Sandra Vaz Lisboa, as it pertains to the expedited proceedings ordered by the Court, as follows:

### FIRST DEFENSE

For its First Defense, Coverall states that Machado and Lisboa's claims are subject to arbitration, and thus this Court may not hear them.

### SECOND DEFENSE

For its Second Defense, Coverall states that Machado and Lisboa have failed to state a claim against Coverall for which this Court may grant relief.

### THIRD DEFENSE

For its Third Defense, Coverall states that Machado and Lisboa should be estopped from asserting the claims set forth in the Second Amended Complaint.

## FOURTH DEFENSE

For its Fourth Defense, Coverall states that Machado and Lisboa have waived the claims set forth in their Second Amended Complaint.

## FIFTH DEFENSE

For its Fifth Defense, Coverall states that Machado and Lisboa's claims are barred, in whole or in part, by their own material breaches of the Franchise Agreements.

## SIXTH DEFENSE

For its Sixth Defense, Coverall states that Machado and Lisboa's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

For its Seventh Defense, Coverall states that Machado and Lisboa's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHT DEFENSE

For its Eighth Defense, Coverall states that Machado and Lisboa's claims are barred, in whole or in part, by the contractual limitations period.

## NINTH DEFENSE

For its Ninth Defense, Coverall responds to those allegations of the Second Amended Complaint that are subject to expedited proceedings ordered by the Court as follows:

1. The allegations set forth in ¶ 1 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in ¶ 1 of the Second Amended Complaint.

2.  Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 2 of the Second Amended Complaint, and therefore denies those allegations, except admits that Machado performed certain cleaning services as a Coverall franchisee from approximately July 2003 to September 2005.

3.  Coverall lacks knowledge or information sufficient of form a belief as to the truth of the allegations of ¶ 3 of the Second Amended Complaint, and therefore denies those allegations, except admits that Lisboa became a Coverall franchisee in or around July 2002.

4-12.  The allegations set forth in ¶¶ 4-12 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in ¶¶ 4-12 of the Second Amended Complaint.

13.  Admitted.

14.  Coverall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 14 of the Second Amended Complaint, and therefore denies those allegations, except admits (a) that Coverall is a resident of the states of Delaware and Florida, and (b) that the amount in controversy purports to be in excess of the statutory minimum.

15.  Coverall states that the allegations of ¶ 15 of the Second Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Coverall denies the allegations of ¶ 15 of the Second Amended Complaint.

16.  Coverall denies the allegations of ¶ 16 of the Second Amended Complaint, except admits that Machado and Lisboa are and/or were franchisees of Coverall. The remaining allegations set forth in ¶ 16 of the Second Amended Complaint are beyond the scope of the

expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 16 of the Second Amended Complaint.

17-29.   The allegations set forth in ¶¶ 17-29 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in ¶¶ 17-29 of the Second Amended Complaint.

30.   Coverall denies the allegations set forth in ¶ 30 of the Second Amended Complaint, except admits that prospective franchisees are required to sign franchise agreements. The remaining allegations set forth in ¶ 30 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 30 of the Second Amended Complaint.

31.   The allegations set forth in ¶ 31 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in ¶ 31 of the Second Amended Complaint.

32.   Coverall denies the allegations set forth in ¶ 32 of the Second Amended Complaint, except admits that the Franchise Agreements it entered into with Machado and Lisboa constitute the full agreements between Coverall and Machado and Lisboa, respectively, and, further, that those Franchise Agreements govern, among other things, the terms and conditions of the franchise relationships that exist and/or existed between the parties. The remaining allegations set forth in ¶ 32 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is

required, Coverall denies the remaining allegations set forth in ¶ 32 of the Second Amended Complaint.

33.     Coverall denies that Machado and Lisboa "were unable to negotiate for different terms and conditions from those appearing in the form franchise agreement provided by Coverall." The remaining allegations set forth in ¶ 33 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 33 of the Second Amended Complaint.

34.     Coverall admits that Machado and Lisboa's franchise agreements are written in English. The remaining allegations set forth in ¶ 34 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 34 of the Second Amended Complaint.

35-38.  The allegations set forth in ¶¶ 35-38 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶¶ 35-38 of the Second Amended Complaint.

39.     Coverall denies that its representatives "knowingly and intentionally misrepresent[ed]" to Machado and Lisboa "whether the terms of the written [franchise] agreements] permit disputes to be litigated in court." The remaining allegations set forth in ¶ 39 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 39 of the Second Amended Complaint.

40. Denied.

41. Coverall states that Machado's written franchise agreement is the best evidence of its terms and denies any and all allegations and conclusions inconsistent therewith.

42-43. Denied.

44. Coverall states that Lisboa's written franchise agreement is the best evidence of its terms and denies any and all allegations and conclusions inconsistent therewith.

45. Denied.

46-54. The allegations set forth in ¶¶ 46-54 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in ¶¶ 46-54 of the Second Amended Complaint.

55. Coverall admits that Machado and Lisboa complained to Coverall in 2005 about Coverall's alleged violations of Massachusetts wage laws and other legal violations. The remaining allegations set forth in ¶ 55 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 55 of the Second Amended Complaint.

56. Coverall admits that on or about August 30, 2005, it filed a demand for arbitration with the American Arbitration Association against Lisboa. Answering further, Coverall states that its demand for arbitration is the best evidence of its terms, and denies any and all allegations and conclusions inconsistent therewith. Coverall further admits that it filed in this Court a petition to compel Lisboa to arbitrate. The remaining allegations set forth in ¶ 56 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no

~BOST1:411875.v1

answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in ¶ 56 of the Second Amended Complaint.

57.  The allegations set forth in ¶ 57 of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in ¶ 57 of the Second Amended Complaint.

<u>Counts I-VIII</u> (unnumbered paragraphs). The allegations set forth under Counts I-VIII of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in Count I-VIII of the Second Amended Complaint.

<u>Count IX</u> (unnumbered paragraph). Coverall denies that the written contracts between Coverall and Machado, and Coverall and Lisboa, are unenforceable by reason of (a) Coverall's alleged fraudulent misrepresentations concerning the contracts' arbitration provisions or (b) the contracts' fee-splitting provisions. The remaining allegations set forth under Count IX of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in Count IX of the Second Amended Complaint.

<u>Count X</u> (unnumbered paragraph). Coverall denies that it has committed intentional and/or negligent misrepresentation in its representations to Machado or Lisboa concerning the arbitration provisions of their franchise agreements. The remaining allegations set forth under Count X of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in Count X of the Second Amended Complaint.

~BOST1:411875.v1

<u>Counts XI-XII</u> (unnumbered paragraphs). The allegations set forth under Counts XI-XII of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the allegations set forth in Counts XI-XII of the Second Amended Complaint.

<u>Count XIII</u> (unnumbered paragraph). Coverall denies that its representatives knowingly and intentionally made false representations concerning the arbitration provisions of Coverall's franchise agreements in inducing Machado and Lisboa to sign those agreements, and denies that Machado and Lisboa relied on those alleged misrepresentations in signing those agreements. The remaining allegations set forth under Count XIII of the Second Amended Complaint are beyond the scope of the expedited proceedings. Accordingly, no answer is required. To the extent an answer is required, Coverall denies the remaining allegations set forth in Count XIII of the Second Amended Complaint.

**COVERALL NORTH AMERICA, INC.,**

By its attorneys,

/s/ Michael D. Vhay
Michael D. Vhay (BBO No. 566444)
Traci S. Feit (BBO No. 660688)
DLA PIPER RUDNICK GRAY CARY US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000

Norman M. Leon
DLA PIPER RUDNICK GRAY CARY US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
(312) 368-4000

Dated: March 20, 2006